IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 5AIF SYCAMORE 2, LLC, | § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:19-CV-431-RP |
| BEIT NES, LLC, et al., | | *Consolidated with*: 1:19-cv-495 |
| Defendants. | | |

**ORDER**

Before the Court is the parties' Proposed Revised Agreed Scheduling Order ("PSO") in this consolidated case. (PSO, Dkt. 31). In the PSO, the parties identify one area of dispute: Defendants request to move the deadline to amend or supplement pleadings or to join additional parties to July 31, 2020, and Plaintiff objects and maintains that the amendment deadline has passed and Defendants already have had two opportunities to amend. (*Id.* at 31). The deadline to file amended pleadings was January 20, 2020. (Scheduling Order in 1:19-cv-495, Dkt. 26, at 1). On July 21, 2020, the Court held a status conference in this case to consider the PSO. (*See* Minute Entry, Dkt. 33). After hearing arguments from both sides, the Court ruled that Defendants had not shown good cause to move the deadline and now issues this order to clarify its ruling from the bench.

Although the parties presented their dispute regarding the amendment deadline in the context of their PSO, the Court analyzes Defendants' request as if Defendants had filed a motion for leave to amend. Under Federal Rule of Civil Procedure 15, a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2); however, Rule 16(b)'s more stringent standard "governs amendments of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ.

P. 16(b). The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation and quotation marks omitted). Only when the movant demonstrates good cause to modify the scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. Four factors are relevant to this good cause determination: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (internal quotation marks omitted) (quoting *S & W Enters.*, 315 F.3d at 546).

At the conference, the parties presented their arguments regarding the amendment deadline. (*See* Minute Entry, Dkt. 33). Plaintiff reiterated that Defendants have had several opportunities to amend in these consolidated cases and failed to do so. Defendants explained that they should have asserted an alternative cause of action and that they learned of the additional cause of action from arguments made by the other side in a companion case that is currently on appeal in state court. Defendants admitted that their desire to add this additional cause of action is not because of newly discovered facts; they simply were unaware of a relevant cause of action and failed to plead it. Without any explanation, Defendants claim they may lose the case if not allowed to amend.

Having considered the four factors and the parties' arguments, the Court finds that Defendants have not shown good cause for modifying the scheduling order. Defendants do not claim that they uncovered facts or evidence that led to the need to amend; rather, they simply failed to assert a legal claim that they could have raised before the January 20, 2020 amendment deadline. Defendants also fail to demonstrate the importance of the amendment when they admitted that they seek to add an "alternative" cause of action. In addition, there likely would be prejudice to Plaintiff in terms of additional discovery costs and delays in the final leg of discovery. *See S & W Enters.*, 315

F.3d at 536–37. This case has been pending for over one year, (*see* Compl., Dkt. 1), and the deadline to amend pleadings elapsed six months ago, (Scheduling Order in 1:19-cv-495, Dkt. 26, at 1). The deadline to complete discovery is in less than two months on September 14, 2020, and the dispositive motion deadline is October 12, 2020. (Scheduling Order, Dkt. 34, at 1). With this case in the later stages of litigation, a continuance would cause unnecessary delay. *See Gallo v. Union Pac. R.R. Co.*, No. 1:17-CV-854-RP, 2018 WL 6220118, at *2 (W.D. Tex. Nov. 14, 2018). Defendants have failed to show diligence or offer a compelling justification to derail this case.

      Accordingly, **IT IS ORDERED** that Defendants' request to modify the scheduling order to change the deadline for parties to file all motions to amend or supplement pleadings or to join additional parties is **DENIED**.

      **IT IS FURTHER ORDERED** that Defendants certify to the Court that they have provided a copy of this Order to their clients.

      **SIGNED** on July 22, 2020.

                                                                                      ROBERT PITMAN
                                                                                     UNITED STATES DISTRICT JUDGE